UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18-cr-646-3 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| LOTUS EVANS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of *pro se* defendant Lotus Evans ("Evans") for a judicial recommendation for residential reentry center ("RRC") placement. (Doc. No. 93 ["Mot."].) Plaintiff United States of America (the "government") has not responded to the motion. For the reasons that follow, the motion is DENIED.

I. **BACKGROUND**

On July 11, 2019, the Court sentenced Evans to a term of imprisonment of 41 months, following her guilty plea to an indictment charging her with being a felon in possession of multiple weapons and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2 (Doc. No. 80 [Judgment]; *see* Doc. No. 1 [Indictment] at 3.) Evans is currently serving her sentence at Hazelton FCI and has a projected release date of October 4, 2021. *See* https://www.bop.gov/inmateloc/ (last visited 5-26-2020).

By her motion, Evans seeks a judicial recommendation for placement in an RRC for the maximum amount of time permitted. (Mot. at 611.) While conceding that she has an extensive criminal record, and noting that she has served less than two years of her current sentence, she maintains that she is working toward receiving her GED, she has been employed in the prison

kitchen for several months, and she is "currently incident free," apparently referring to a lack of prison disciplinary violations. (Mot. at 612-13.) She also complains that the staff at her institution routinely only request that the final 10% of an inmate's sentence be served in an RRC. (*Id*. at 12.)

The BOP, pursuant to 18 U.S.C. § 3624(c)(1) as amended by the Second Chance Act, Pub. L. No. 110-199, § 251(a), 122 Stat. 657 (2008), may place an inmate in community confinement for no longer than twelve months at the end of his or her sentence. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). While a court may make non-binding recommendations for placement in an RRC or home confinement, the BOP has the exclusive authority to determine if an inmate should be placed in such a setting and, if so, for how long. 18 U.S.C. § 3621(b); *see Martin v. United States*, No. 05-17, 2008 WL 3546433, at *1–2 (W.D. Pa. Aug. 12, 2008).

The First Step Act modified § 3624 to further explain who was eligible for prerelease custody. Pub. L. No. 115-391, § 102. The Act elaborates on the risk reassessment levels needed for a prisoner to be considered for prerelease custody. *Id.* It also details the types of prerelease custody, which include home confinement and placement in an RRC. *Id.* However, it did not modify the requirement that the BOP, not the Court, make the decision to place a prisoner on home confinement or in an RRC. *See* 18 U.S.C. § 3624(b)(1) & (c)(1); *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2006) (explaining that the BOP may consider placing a federal inmate in home confinement or an RRC). Further, the First Step Act did not alter the fact that the Second Chance Act does not guarantee RRC placement or home confinement, it only directs the Director of the BOP to consider it. *See Demis*, 558 F.3d at 514.

The BOP's decision whether to place a prisoner in home confinement or in an RRC at the end of her sentence is guided by five factors set forth in 18 U.S.C. § 3621(b). One of those factors is any statement from the sentencing court. § 3621(b)(4). Accordingly, the sentencing court is permitted, where appropriate, to make a non-binding recommendation to the BOP.

Evans offers no documentation relating to her brief incarceration. When a court recommends a defendant for RRC placement, there is usually a substantial record of the defendant's conduct in prison upon which a well-informed recommendation may be based. *See, e.g., United States v. Ahmed*, No. 1:07cr647, 2017 WL 5166427, at *1 (N.D. Ohio Nov. 8, 2017) (granting defendant's motion for a recommendation to an RRC based upon his good conduct over the course of several years in prison). The Court, therefore, does not have sufficient information from which to make a well-informed recommendation. Because the BOP is in the best position to determine if an inmate is suitable for placement in a half-way house or an RRC, *see Martin v. United States*, No. 05-17, 2008 WL 3546433, at *2 (W.D. Pa. Aug. 12, 2008), and the Court does not have sufficient information in this instance to make a well-informed recommendation, the Court declines to make a recommendation regarding RRC placement.

II. **CONCLUSION**

For the foregoing reasons, Evans' motion for a judicial recommendation for RRC placement is DENIED.

**IT IS SO ORDERED**.

Dated: May 27, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**